IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MICHAEL THOMAS TAREN , <br><br>                    Plaintiff, <br> v. <br><br> STEVE REAVES, police officer, OGDEN CITY POLICE DEPARTMENT, and JOHN and JANE DOES. <br>                    Defendant. | **REPORT AND RECOMMENDATION** <br><br> Case No.  2:15-cv-00333-CW-BCW <br><br> District Judge Clark Waddoups <br><br> Magistrate Judge Brooke Wells |

*Pro Se* Plaintiff Michael Thomas Taren ("Plaintiff"), proceeding *in forma pauperis* filed the Complaint in this case on June 9, 2015.  District Judge Clark Waddoups referred this case to Magistrate Judge Brooke C. Wells pursuant to 28 U.S.C. § 636(b)(1)(B).[1]  Before the Court is Plaintiff Michael Thomas Taren's Motion to Appoint Counsel[2] and Motion for Service of Process.[3]

Because Plaintiff has been permitted to proceed *in forma pauperis*, the Court will address the sufficiency of Plaintiff's Complaint under the authority of 28 U.S.C. § 1915 ("the IFP Statute").  Upon review of the Plaintiff's Complaint, the Court RECOMMENDS the District Court DISMISS Plaintiff's Complaint.  The Court FURTHER RECOMMENDS that Plaintiff be granted thirty (30) days to file an amended complaint.  Moreover, the Court FURTHER RECOMMENDS that Plaintiff's Motion for Appointment of Counsel be DENIED WITHOUT PREJUDICE and Plaintiff's Motion for Service of Process be DENIED WITHOUT PREJUDICE.

---

[1] Docket no. 13.
[2] Docket no. 14.
[3] Docket no. 15

## ANALYSIS

At the outset, the Court notes that Plaintiff is proceeding *pro se* and that a "pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[4] The crux of Plaintiff's Civil Rights Complaint under 42 U.S.C. §§ 1983, 1985, and 1986 is that at Plaintiff's arrest, Plaintiff's pit bull dog was seized by Officer Reaves, a pick-up hold was placed on the dog, (which did not allow the dog to be released to Plaintiff's friend), and ultimately his dog was euthanized.

Plaintiff is also proceeding *in forma pauperis*. Under the IFP Statute, the Court shall, at any time, *sua sponte*, dismiss a case if the court determines a complaint is frivolous or fails to state a claim upon which relief can be granted.[5] Section 1915 "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[6]

"[D]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he had alleged and it would be futile to give him an opportunity to amend."[7] When determining whether to dismiss for failure to state a claim under section 1915(e)(2)(B)(ii), courts employ the standard set forth for motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).[8] In particular, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."[9]

---

[4] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).
[5] *See* 28 U.S.C. § 1915(e)(2)(B)(i–ii).
[6] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[7] *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001)(internal citation and quotations omitted).
[8] *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).
[9] *Id.* at 1218.

The Due Process Clause of the Fourteenth Amendment protects against being deprived of life, liberty, or property without due process of law.[10] However, even in construing the pleadings liberally, as the Court is required to do, Plaintiff has not alleged a § 1983 due process claim arising out of the confiscation and destruction of his personal property.[11] Plaintiff has not alleged whether his deprivation was "random and unauthorized" rather than a deprivation "according to some established state policy, procedure, or custom"[12] so that the Court can consider the impact of any postdeprivation remedy. Further, Plaintiff indicated that "defendant acted under the authority or color of state law but stated no facts or explanation for that allegation.[13] In addition, Plaintiff has not alleged a conspiracy as required under 42 U.S.C. § 1985.[14] Plaintiff's allegations say nothing that can be construed to support a meeting of the minds among alleged co-conspirators, or a deprivation with no adequate post-deprivation remedy. Having failed to allege a sufficient § 1983 or § 1985 Claim, Plaintiff cannot properly plead a § 1986 Claim.[15]

---

[10] *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974).
[11] *Frazier v. Flores*, 628 Fed. Appx. 614, 615 (Jan. 4. 2016) ("[N]either negligent nor intentional deprivations of property under color of state law that are random and unauthorized give rise to a § 1983 claim where the plaintiff has an adequate state remedy…").
[12] *Gillihan v. Shillinger,* 872 F.2d 935, 939 (10th Cir. 1989)
[13] Docket no. 3, at ¶¶ 3–4.
[14] *Kartiganer v. Juab Cty*., No. 2:10-CV-842, 2011 WL 4916601, at *2 (D. Utah Oct. 17, 2011) ("[A] plaintiff fails to state a claim for conspiracy absent specific facts showing a meeting of the minds among the alleged co-conspirators.").
[15] *Olson v. Belvedere Ass'n*., No. 2:14-CV-527-DK-BCW, 2015 WL 1520911, at *6 (D. Utah Apr. 2, 2015) ("[B]ecause there are no alleged predicate violations of 42 USC 1985, any claim made pursuant to 42 USC 1986 should also be dismissed.").

The Court finds that Plaintiff's Complaint fails to state any claims upon which relief can be granted under §§ 1983, 1985, and 1986 against any defendant.  While the current complaint is insufficient, the Court is not convinced that amendment would be futile.  Given such, the Court RECOMMENDS that Plaintiff be given thirty (30) days to file an amended complaint that properly pleads a cause of action.

### A.    Motion to Appoint Counsel

Generally, as a civil litigant, Plaintiff has no right to counsel.[16]  28 U.S.C. § 1915, which pertains to proceedings *in forma pauperis* ("the IFP Statute"), provides "[t]he court may request an attorney to represent any person unable to afford counsel."[17]  However, the appointment of counsel under this statute is within the discretion of the court.[18]  When deciding whether to appoint counsel, the Court should consider a variety of factors, "including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by those claims."[19]

Plaintiff seeks appointment of counsel due to his poverty and because he believes he is "entitled to the relief sought by the pleading."[20]  In undertaking the analysis of the foregoing factors with regard to appointment of counsel under the IFP Statute and applying them to the facts of this case, and specifically in light of the Court concluding that Plaintiff has not properly pled a cause of action, the Court RECOMMENDS Plaintiff's Motion for Appointment of Counsel be DENIED without prejudice.  If Plaintiff files an amended complaint within thirty (30) days, Plaintiff can re-file a motion to appoint counsel at that time.

---

[16] *See Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (citing *Bethea v. Crouse*, 417 F.2d 504, 505 (10th Cir. 1969).
[17] 28 U.S.C. § 1915(e)(1).
[18] *See McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).
[19] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citation and internal quotation omitted).
[20] Docket no. 14, at p. 1.

**B.     Motion For Service of Process**

Based on the Court's recommendation to give thirty (30) days for Plaintiff to file an Amended Complaint and Plaintiff's Motion for Appointment of Counsel be denied, the Court recommends that Plaintiff's Motion for Service of Process be DENIED without prejudice.

## CONCLUSION AND RECOMMENDATION

IT IS HEREBY RECOMMENDED, that:

1) Plaintiff's Complaint is dismissed for failure to state a claim.  However, Plaintiff shall be given thirty (30) days to file an amended complaint that adequately pleads a cause of action.

2) Plaintiff's Motion to Appoint Counsel[21] is DENIED WITHOUT PREJUDICE as Plaintiff may re-file this motion should an amended complaint be filed within 30 days.

3) Plaintiff's Motion for Service of Process[22] is DENIED WITHOUT PREJUDICE as Plaintiff may re-file this motion should an amended complaint be filed within 30 days.

## NOTICE

Copies of this Report and Recommendation are being sent to all parties who are hereby notified of their right to object.[23]  Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of Court.  Any objection must be filed within this deadline.  Failure to object may constitute a waiver of objections upon subsequent review.

---

[21] Docket no. 14
[22] Docket no. 15.
[23] *See* 28 U.S.C. §636(b)(1).

DATED this 12 April 2016.

_____
Brooke C. Wells
United States Magistrate Judge