IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MICHAEL THOMAS TAREN<br><br>                    Plaintiff,<br><br>        v.<br><br>STEVE REAVES, police officer, OGDEN CITY POLICE DEPARTMENT, and JOHN AND JANE DOES<br><br>                    Defendants. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br><br>Case No.  2:15-cv-00333-CW-BCW<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Brooke C. Wells |

Plaintiff Michael Thomas Taren filed this action seeking relief under 42 U.S.C. §§ 1983, 1985 and 1986.  [Dkt. No. 3].  Plaintiff alleges at the time of his arrest, Officer Steve Reaves seized and confiscated his personal property, a black female pit bull, and refused to lift a hold, thus allowing the dog to be euthanized several days later.  Plaintiff alleges that he had arranged for a friend to retrieve the dog from animal control, but the retrieval was not permitted because Officer Reaves refused to release the hold.  Plaintiff further alleges that the dog was therapeutic for him with his mental health problems and he seeks damages for the loss of his personal property, mental anguish and emotional distress.

This court referred the case to Magistrate Judge Brooke C. Wells pursuant to 28 U.S.C. § 636(b)(1)(B) who issued a Report and Recommendation that the complaint be dismissed, but that Plaintiff be allowed 30 days to file an amended complaint.  [Dkt. No. 16].  Magistrate Judge Wells further recommended that Plaintiff's Motion for Appointment of Counsel and Motion for Service of Process be denied without prejudice.

Following entry of the Report and Recommendation, Plaintiff filed a Motion for Leave to File an Amended Complaint [Dkt. No. 17], a Motion for Appointment of Counsel [Dkt. No. 18], and a Request for Official Service of Process [Dkt. No. 19].  Plaintiff has not filed an objection to the Report and Recommendation.  Because his motion to amend may have been intended as a response to the Report and Recommendation, the court reviews Judge Wells' decision *de novo*.

Plaintiff is proceeding pro se.  The court therefore interprets the allegations in the complaint liberally, without requiring the formality expected of parties proceeding with the representation of counsel.  Nevertheless, Plaintiff must meet the pleading requirements to state a cause of action.  As did Magistrate Judge Wells, the court is required to address the sufficiency of the complaint under 28 U.S.C. § 1915 because Plaintiff has been permitted to proceed *in forma pauperis.*

Upon review of the allegations of the complaint, the court accepts as correct the Report and Recommendation.  Plaintiff fails to allege all of the facts necessary to state a claim under the sections upon which he relies.  From the facts alleged, however, it appears that Plaintiff may be able to allege additional facts necessary to state a claim under one or more of the alleged sections.  The court therefore accepts and adopts the Recommendation, including the recommendation that Plaintiff be allowed 30 days to file an amended complaint.  The court encourages Plaintiff to give attention to the deficiencies Magistrate Judge Wells found in the Complaint and to address them in any proposed amendment.

The court also adopts the Recommendation that the Motion to Appoint Counsel and Motion for Service of Process be denied without prejudice.  It is unclear from the record whether Plaintiff had reviewed the Report and Recommendation before he filed the new motions for leave to amend, for appointment of counsel, and for service of process. The motion for leave to

file an amended complaint may have been intended to be an "Amended Complaint."  The document, however, does not appear to address the problems discussed by Magistrate Judge Wells.  In light of the court's ruling, however, the motions are premature and may be refiled if the Plaintiff successfully amends his complaint.  The court calls to Plaintiff's attention that in any proposed amended complaint he must include sufficient facts to satisfy each of the elements of any cause of action he intends to pursue.  In reviewing any proposed amendment, the court is required to disregard any assertions that are not supported with detailed facts.

## CONCLUSION

For the reasons stated above, the court ADOPTS the Report and Recommendation [Dkt. No. 16]  and DIMISSES WITHOUT PREJUDICE Plaintiff's complaint.  The court GRANTS Plaintiff leave to file an AMENDED COMPLAINT.  [Dkt. No. 17].  As detailed in Magistrate Judge Wells' Report and Recommendation, the amended complaint must allege sufficient facts to satisfy each element of the sections at issue.  The amended complaint must be filed **on or before June 17, 2016.**  Plaintiff's Motion to Appoint Counsel [Dkt. No. 18] and Motion for Service of Process [Dkt. No. 19] are DENIED WITHOUT PREJUDICE.

DATED this 18th day of May, 2016

BY THE COURT:

Clark Waddoups
United States District Judge