# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **MICHAEL THOMAS TAREN,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**STEVE REAVES; MARK ACKER; OGDEN CITY; OGDEN CITY POLICE DEPARTMENT; OGDEN CITY ANIMAL SERVICES; and DOES 1-10**,<br><br>**Defendants.** | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:15-cv-333<br><br>Judge Clark Waddoups |

Before the court is the motion for summary judgment (ECF No. 60) filed by defendants Steve Reaves, Mark Acker, Ogden City, Ogden City Police Department, and Ogden City Animal Services ("Defendants"). Plaintiff Michael Taren ("Mr. Taren") failed to respond to Defendants' motion. Having reviewed the motion and the pleadings in this action, the court now enters this order **GRANTING** Defendants' motion.

## BACKGROUND

On September 23, 2014, Mr. Taren was parked on the side of a street in Ogden, Utah. (ECF No. 38, at ¶ 17, Amend. Compl.) His dog, Annie, was with him in the car. *Id.* Defendant Officer Reaves approached Mr. Taren's vehicle, and Mr. Taren drove away, and then abandoned his car on foot, leaving Annie inside. *Id.* at ¶ 18. Officer Reaves, or another officer of defendant Ogden City Police Department, impounded Annie. *Id.* Annie was thereafter placed in the custody of the Weber County Animal Shelter. (ECF No. 60-1, at ¶¶ 3–6.) Mr. Taren was arrested the next day and remained in jail throughout the events that gave rise to his complaint. (ECF No. 38, at ¶¶ 20 & 24, Amend. Compl.) Thereafter, "sometimes before September 30,

2014," an acquaintance of Mr. Taren, Mr. Reyna, attempted to retrieve Annie, but Weber County Animal Shelter would not release her to him. *Id.* at ¶ 25. Annie was euthanized on September 30, 2014. *Id.* at ¶ 33. By Amended Complaint filed on August 4, 2017, Mr. Taren alleges that Defendants violated his rights under the Fourth and Fourteenth Amendments by seizing and destroying Annie without notice and asks this court to grant him declaratory judgment affirming that Defendants had a constitutional duty to warn him before Annie was euthanized. *Id.* at ¶¶ 40–63. Defendants move for summary judgment on each of these claims. Defendants' motion for summary judgment was filed and mailed to Mr. Taren on January 15, 2019. Mr. Taren has not responded to the motion.

## ANALYSIS

Summary judgment is proper when the moving party demonstrates that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. FED. R. CIV. P. 56(A). A material fact is one that may affect the outcome of the litigation. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Id.* The court must "view the evidence and draw reasonable inferences therefrom in a light most favorable to the nonmoving party." *Commercial Union Ins. Co. v. Sea Harvest Seafood Co.*, 251 F.3d 1294, 1298 (10th Cir. 2001).

Mr. Taren is proceeding *pro se*. While the court therefore interprets the allegations in the complaint liberally, "even pro se litigants must do more than make mere conclusory statements regarding constitutional claims." *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995) (citing

*United States v. Fisher,* 38 F.3d 1144, 1147 (10th Cir.1994)). And although the court will not require from Mr. Taren the formality expected of parties proceeding with the representation of counsel, he "nevertheless must follow the same rules of procedure that govern other litigants." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) (citation omitted). One of these such rules is that "'once a properly supported summary judgment motion is made, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing the existence of a genuine factual issue to be tried.'" *Otteson v. United States*, 622 F.2d 516, 519 (10th Cir. 1980) (quoting *Coleman v. Darden*, 595 F.2d 533, 536 (10th Cir. 1979)). Mr. Taren did not respond to Defendants' motion for summary judgment, and although the Court views the allegations of Mr. Taren's Amended Complaint as true, in determining if summary judgment is proper, Mr. Taren's Amended Complaint cannot refute Defendants' arguments.

    A. **Defendants are entitled to summary judgment on Mr. Taren's first and second causes of action because Mr. Taren abandoned Annie and because Defendants did not have custody of Annie and were not responsible for her euthanasia.**

Mr. Taren's first and second causes of action allege that Defendants violated 42 USC § 1983 and the Fourth and Fourteenth Amendments through four actions: 1) impounding Annie; 2) euthanizing Annie; 3) not providing him notice that Annie would be euthanized; and 4) refusing to release Annie to his authorized representative. The Fourth Amendment, made applicable to the States by the Fourteenth Amendment, protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. The Fourteenth Amendment guarantees that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. The court reads Mr. Taren's pleadings to allege that the first two actions of Defendants violated the Fourth Amendment and the second two violated the Fourteenth Amendment.

### 1. Defendants did not violate Mr. Taren's Fourth Amendment rights.

It is uncontested that Defendants took Annie and put her in the custody of the Weber County Animal Shelter. (ECF No. 38, at ¶ 18, Amend. Compl.; ECF No. 60-1, at ¶¶ 3–6.) This clearly constitutes a "seizure" under the Fourth Amendment. *Mayfield v. Bethards*, 826 F.3d 1252, 1256 (10th Cir. 2016) ("'A "seizure" of property occurs when there is some meaningful interference with an individual's possessory interests in that property.'" (quoting *United States v. Jacobsen,* 466 U.S. 109, 113 (1984)). The Tenth Circuit has specifically recognized that "it is unlawful to seize a dog absent a warrant or circumstances justifying an exception to the warrant requirement." *Id.* However, the Tenth Circuit has also recognized that "[w]hen individuals voluntarily abandon property, they forfeit any expectation of privacy in it that they might have had. Therefore, a warrantless search or seizure of abandoned property is not unreasonable under the Fourth Amendment." *United States v. Jones*, 707 F.2d 1169, 1172 (10th Cir. 1983) (citations omitted). Here, it is uncontested that Defendants only seized Annie because Mr. Taren had abandoned her inside of his car as he fled from the police. (ECF No. 38, at ¶ 18, Amend. Compl.) Thus, an "exception to the warrant requirement" existed, and it was not unreasonable, and therefore not a violation of the Fourth Amendment, for Defendants to seize Annie.

Turning to Mr. Taren's claim that Defendants violated the Fourth Amendment by euthanizing Annie, the court finds that Defendants were not responsible for Annie's death. In his Amended Complaint, Mr. Taren's alleges that Defendants impounded Annie with "Ogden Animal Services" and that "Animal Services killed Annie." (ECF No. 38, at ¶¶ 18 and 33, Amend. Compl.) However, Defendants allege that, pursuant to Ogden City Ordinance 13-2-9(B),[1] they placed Annie in the custody of Weber County Animal Shelter, and that Weber

---

[1] Ogden City Ordinance § 13-2-9(B) states that "[t]he animal services coordinator shall place all animals which he/she takes into custody in the Weber County Animal Shelter. Weber County ordinances and regulations

4

County Animal Shelter was responsible for Annie's euthanasia.[2] (ECF No. 60-1, at ¶¶ 3–6.) Because Mr. Taren has not responded to Defendants' motion or refuted these assertions, the court treats them as uncontested. *See Otteson*, 622 F.2d at 519. Defendants did not euthanize Annie and had no control over the entity that did euthanize her. They are not therefore responsible for her death and cannot be found to have violated Mr. Taren's constitutional rights.

Even if Defendants had been responsible for Annie's euthanasia, such action was not a violation of Mr. Taren's constitutional rights. As recognized by the Tenth Circuit, "[k]illing a dog meaningfully and permanently interferes with the owner's possessory interest. It therefore constitutes a violation of the owner's Fourth Amendment rights absent a warrant or some exception to the warrant requirement." *Mayfield*, 826 F.3d at 1256. Again, because Mr. Taren abandoned Annie, it was not unreasonable under, or a violation of, the Fourth Amendment for Defendants to euthanize her. *See Jones*, 707 F.2d at 1172. While the court is sympathetic to the emotional pain that Mr. Taren suffered as a result of Annie's death, he simply does not have a claim against Defendants. Defendants are entitled to summary judgment on Mr. Taren's claims that they violated his Fourth Amendment rights.

    2. <u>Defendants did not violate Mr. Taren's Fourteenth Amendment rights.</u>

Mr. Taren's allegations that Defendants violated his rights by not providing notice that Annie would be euthanized and by refusing to release Annie to his authorized representative appear to be allegations that Defendants violated the Due Process Clause of the Fourteenth Amendment. Like Mr. Taren's claims under the Fourth Amendment, these allegations fail

---

pertaining to the shelter shall apply." That ordinance further requires that an animal be placed in custody if it is "abandoned, neglected or distressed [such that its] health or safety may be threatened should the animal not be readily placed into protective custody." When Annie was abandoned in Mr. Taren's car, her "health or safety [was] threatened," and Defendants were therefore required to place her in the custody of the Weber County Animal Shelter.

[2] Weber County Ordinance § 6-5-4(1) states that "an animal impounded shall be held for a minimum of five business days before further disposition."

because Defendants were not responsible for Annie's euthanasia or for any notification or procedural requirements that prefaced it.

Under Ogden City Ordinance § 13-2-9(B), Defendants turned Annie over to the Weber County Animal Shelter, and it was the Weber County Animal Shelter, who is not a party to this action, who held and ultimately euthanized Annie. Defendants are not responsible for Weber County Animal Shelter's failure to notify Mr. Taren of Annie's potential euthanasia.[3]

Mr. Taren next argues that that his rights to due process were violated because defendant Ogden City Animal Services refused to release Annie to his authorized representative, Mr. Reyna. However, as is discussed above, defendant Ogden City Animal Services did not have custody of Annie—Weber County Animal Shelter did. Thus, Defendants are not responsible for Weber County Animal Shelter's failure to release Annie to Mr. Reyna.

Finally, Mr. Taren argues that the reason he was not notified of the risk that Annie could be euthanized, and that Annie was not released to Mr. Reyna, was because on September 23, 2014, defendant Mark Acker wrote on Annie's Kennel card "If some[]one comes to claim this dog contact Mark Acker im[m]ediately"; (2) "Please DO NOT release dog without contacting Ogden Animal"; and (3) "if anyone calls or comes in, get all identification information possible, just standard procedure." (ECF No. 38, at ¶ 30, Amend. Compl. (emphasis and edits added by Mr. Taren).) This note does not prohibit Annie from being released—it merely states that defendant Mark Acker or defendant Ogden City Animal Services should be contacted *before* she was released. This request was reasonable, given that it was made before Mr. Taren was arrested

---

[3] The court recognizes that Weber County Ordinance § 6-5-4(1)(a) only requires that "[r]easonable effort shall be made to notify the owner of any animal wearing a license or other identification," and that Annie "did not have any identifying collar or chip." (ECF No. 38, at ¶ 26, Amend. Compl.) As such the court questions whether Weber County Animal Shelter was even required, under its ordinance, to notify Mr. Taren that Annie was in its custody and that she could be euthanized.

and was therefore written with the goal of finding him. Moreover, this note supports Defendants' assertions that Weber County Animal Shelter had custody of Annie, as it shows that on September 23, 2014, the day Annie was seized by Defendants, defendant Ogden City Animal Services no longer had control over her. *Id.* Thus, this note does not make Defendants responsible for Weber County Animal Shelter's failure to notify Mr. Taren of Annie's euthanasia or its failure to release Annie to Mr. Reyna. Defendants are therefore entitled to summary judgment on Mr. Taren's claims that they violated his Fourteenth Amendment rights.

### B. **Defendants are entitled to summary judgment on Mr. Taren's claim for declaratory judgment.**

Mr. Taren's final cause of action is for declaratory judgment and seeks a declaration that Defendants had a duty under the Fourth and Fourteenth Amendments to warn Mr. Taren "that there was a chance that Defendants may euthanize Annie . . . before Defendants killed her." (ECF No. 38, at ¶ 63, Amend. Compl.) As discussed above, Defendants did not kill Annie, and they were not responsible for her death. They did not therefore have a duty to warn Mr. Taren of the possibility that she could be euthanized. Indeed, Defendants had no control over whether Weber County Animal Shelter would euthanize Annie. Defendants are therefore entitled to summary judgment on Mr. Taren's request for declaratory judgment.

## CONCLUSION

For the reasons stated above, the court **HERBY GRANTS** Defendants' Motion for Summary Judgment (ECF No. 60).

DATED this 16th day of May, 2019.

BY THE COURT:

_____
Clark Waddoups
United States District Judge